UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-03135-AB (MRWx) | Date: | August 12, 2016 |

Title:   *Martik Tatevossian v. Wells Fargo Bank, National Association, et al.*

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order Granting Plaintiff's Motion to Remand [13]**

Pending before the Court is Plaintiff Martik Tatevossian's Motion to Remand. (Dkt. No. 13.) Plaintiff brings his Motion to Remand under 28 U.S.C. section 1332 for failure to establish diversity jurisdiction. 28 U.S.C. § 1332(a). Defendant has filed an Opposition. (Dkt. No. 18.) This matter is appropriate for decision without oral argument of counsel. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Having considered the papers submitted in support of and in opposition to the instant Motion, the Court **GRANTS** the Motion for the following reasons.

**I.   BACKGROUND**

**a.   The Parties / Factual Background**

Plaintiff Martik Tatevossian is a citizen of the state of California. (Dkt. No. 13, Mot. to Remand ("MTR") at 4.) Plaintiff resides at a property located at 17148 Barneston Street, Granada Hills, California 91344. (Dkt. No. 1-1, Compl. at 1.)

Plaintiff's Complaint contains the following allegations: Plaintiff financed the Barneston property on January 10, 2007, executing a promissory note and using a deed of

trust as its security. (Compl. at 4.) Golden West Savings Association Service, Co. was the deed's trustee and beneficiary, and World Savings Bank, FSB was the lender. (*Id.*) When Plaintiff attempted to contact Golden West, he learned that his loan had been transferred to Wells Fargo. (*Id.*) Plaintiff initiated repayment modification discussions with Wells Fargo. (*Id.*) During the course of those talks, Plaintiff alleges that Defendant Wells Fargo Bank, National Association ("Wells Fargo") violated numerous borrower protection statutes by failing to make a thorough review and written determination of modification ineligibility and generally failing to act in the borrower's best interests. (*Id.* at 4–5.) Later, NBS Default Services, LLC ("NBS") executed and caused to be recorded a Notice of Default and Election to Sell under Deed of Trust against Plaintiff's property. (*Id.* at 5.) NBS included with its Notice of Default a Declaration signed by a Wells Fargo representative attesting that Wells Fargo had exercised due diligence to contact the borrower and assess his financial situation and explore available alternatives to foreclosure. (*Id.*) Plaintiff alleges that this was false because Plaintiff was not reviewed for a first lien loan modification. (*Id.*) Plaintiff's allegation that he was not reviewed for the modification is based on his belief that, had he been reviewed, he would have been offered a modification because he was eligible for a permanent modification. (*Id.*) Plaintiff alleges that this attempt to non-judicially foreclose on the property "is wrongful, and a prime example of 'dual lending practices,' that has officially become a condoned form of practice in the state of California." (*Id.*)

Based on these facts alleged in his Complaint, Plaintiff advances six causes of action for violations of California Civil Code sections 2923.55, 2924.17, 2923.7, 2923.6, 2924.11 (Counts I–V) and unfair business practices (Count VI).[1] (Compl. at 6–13.)

### b. Procedural Background

On April 7, 2016, Plaintiffs filed a verified complaint in state court. (Compl.) Wells Fargo filed a Notice of Removal to this Court on May 6, 2016 and, on May 13, 2016, filed a Motion to Dismiss.[2] (Dkt. Nos. 1, 9.) On June 7, 2016, Plaintiff filed the instant Motion to Remand.[3] (Dkt. Nos. 13–14.) Wells Fargo filed its Opposition to Plaintiff's Motion on June 20, 2016, and Plaintiff did not file a Reply. (Dkt. No. 18.) The Court now considers the merits of Plaintiff's Motion.

---

[1] Plaintiff's prayer for relief includes relief specific to an eighth cause of action, but no such cause of action appears in the body of the Complaint. (Compl. at 13–14.) Moreover, the cover of Plaintiff's Complaint clearly states that it advances six causes of action. (Compl.)

[2] Wells Fargo's Motion was set for hearing on June 20, 2016 and taken under submission after full briefing on June 9, 2016. (Dkt. No. 16.)

[3] Plaintiff's Motion was set for hearing on July 11, 2016 and taken under submission after the deadline for Plaintiff to file her Reply on June 29, 2016. (Dkt. No. 19.)

## II. LEGAL STANDARD

Under 28 U.S.C. section 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Under section 1332, a district court has original jurisdiction of a civil action where the matter in controversy is more than $75,000 and the dispute is between "citizens of different states." 28 U.S.C. 1332. Section 1332 requires complete diversity of the parties such that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the heavy burden of establishing original jurisdiction in federal court. *Id.* If there is any doubt as to the right of removal, federal jurisdiction must be rejected. *Id.*

## III. DISCUSSION

Plaintiff's Motion to Remand is based on three arguments: First, Plaintiff argues that the parties' diversity of citizenship is not complete because Wells Fargo and NBS are citizens of California under the "nerve center" test; second, Plaintiff argues that removal was ineffective because Wells Fargo did not obtain the consent of the unnamed "Doe" defendants and, furthermore, that jurisdiction cannot lie because these Doe defendants may be citizens of California; third, Plaintiff argues that the amount in controversy does not exceed $75,000. (MTR at 5–9.) Plaintiff also requests reasonable attorney fees. (*Id.* at 9–10.) The Court will address each point in turn.[4]

### a. Diversity of Citizenship

Plaintiff's argument that Wells Fargo and NBS are California citizens under the "nerve center" test, thus destroying diversity of citizenship, fails as to both named defendants. Wells Fargo's citizenship is governed by 28 U.S.C. section 1348, which the Ninth Circuit has interpreted to provide that "a national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014). Because Wells Fargo is a national bank with its main office in South Dakota, it is a citizen of South Dakota. (NOR at 3–4.) Thus, Wells Fargo's citizenship is diverse from Plaintiff's. In light of Wells Fargo's election to file its Notice of Removal fewer than fifteen days after NSB filed its Notice of Non-Monetary Status, the Court must next consider the citizenship of NSB.[5] *See, e.g.*, *Sun v. Bank of Am. Corp.*, Case

---

[4] Because the Court has a continuing obligation to examine its subject matter jurisdiction, the Court excuses Plaintiff's failure to comply with Local Rule 7-3. C.D. Cal. L.R. 7-3.

[5] While "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining

No. CV 10-0004 AG (MLGx), 2010 WL 454720, **2–3 (C.D. Cal. February 8, 2010). NBS's citizenship is subject to the following rules: Limited liability companies "have the citizenship of all of their owners/members," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006), while a corporation is a citizen in both the state of its incorporation and the state of its principal place of business, 28 U.S.C. § 1332(c)(1). Because NSB is a limited liability corporation whose sole member is a Delaware corporation with its principal place of business in Texas, it is a citizen of both Delaware and Texas.[6] (NOR at 4–5; Dkt. No. 1-1, Exh. F.)  Thus, NSB's citizenship is also diverse from Plaintiff's. Because both named defendants' citizenships are diverse from Plaintiff's, Plaintiff's first argument lacks merit.

### b. Doe Defendants

Plaintiff's second argument that the lack of consent from and unknown citizenship of the Doe Defendants undermines subject matter jurisdiction fails under the plain language of the removal statutes. Plaintiff cannot expect that the presence of unnamed, unserved defendants will destroy federal subject matter jurisdiction because, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Additionally, only defendants who have been served need join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Accordingly, Plaintiff's second argument lacks merit.

### c. Amount in Controversy

Plaintiff's third argument regarding the uncertain amount in controversy is meritorious. To maintain jurisdiction under section 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The defendant bears the burden of establishing the amount in controversy "by a preponderance of the evidence" where the complaint does not allege an amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *accord Sanchez v. Monumental Life*

---

diversity," diversity jurisdiction must exist "as of the time that the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132–33 (9th Cir. 2002). "A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." *Sun*, 2010 WL 454720, at *2 (citing Cal. Civ. Code § 2924l(d)). Because NBS filed its Notice of Non-Monetary Status on April 26, 2016, and Wells Fargo filed its Notice of Removal approximately ten days later on May 7, 2016, (NOR at 2), the Court cannot disregard NBS's citizenship for the purposes of establishing jurisdiction.

[6] The Court finds the declarations by NBS officers attached to Wells Fargo's Notice of Removal to be satisfactory, and Plaintiff advances no substantive challenge to their contents. (*See* Dkt. No. 1-1, Exh. F.)

*Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (requiring the defendant to show that the amount "more likely than not" exceeds $75,000).

In *Olmos v. Residential Credit Solutions, Inc.*, 92 F. Supp. 3d 954, 957 (C.D. Cal. 2015), the court granted a plaintiff borrower's motion to remand on the grounds that the defendant lender did not establish the amount in controversy by a preponderance of the evidence. Therein, the defendant lender removed the borrower's suit to federal court on the basis of diversity jurisdiction even though the borrower's complaint did not specify the amount in controversy. *Id.* at 956. While the borrower's complaint alleged numerous causes of action, the lender argued not that the borrower's alleged damages exceeded $75,000 but rather that the value of the injunctive relief that the borrower sought exceeded the required amount. *Id.* The court recognized that the value of the object of litigation is generally the amount in controversy in actions seeking injunctive relief. *Id.* The court disagreed, however, with the lender's assertion that the value of the underlying loan was the object of the litigation. *Id.* at 956–57. Rather, the court held consistent with the findings of other courts that "the test for determining the amount in controversy [was] the pecuniary result to either party which the judgment would directly produce." *Id.* at 957 (quoting cases). The court characterized the relief sought in the borrower's complaint as the temporary halting of foreclosure and the processing of the borrower's loan modification application. *Id.* at 957. While this might have caused the lender to incur processing costs and lose interest on the loan, the court noted that the lender failed to address these potential pecuniary results or any others. *Id.* Because the lender "fail[ed] to argue that the possible pecuniary result to either party exceed[ed] $75,000, [the lender did not] meet its burden of proof as to the amount in controversy." *Id.* On that basis, the court held that the lender did not establish diversity jurisdiction and granted the borrower's motion to remand. *Id.*

Wells Fargo's theory as to the amount in controversy is similar to the argument that the court rejected in *Olmos*. Just as the lender in *Olmos* argued that the underlying loan value was the object of the litigation, here Wells Fargo argues that "Plaintiff has placed the entire loan value in controversy, as well as the value of the security property that would be the object of a foreclosure." (Dkt. No. 18, Opp'n at 4.) But, just as in *Olmos*, Wells Fargo neglects to properly identify the relief sought in the complaint. Here too Plaintiff seeks what can only be characterized as a halt of the foreclosure and a process review of Plaintiff's loan modification application.[7] While Wells Fargo states

---

[7] While the Complaint states that it seeks "[i]njunction prohibiting any further sale of the Subject Property," courts in this district construe this as a request for temporary injunctive relief because the sections under which Plaintiff advances his claim do not provide for permanent injunctive relief. *See, e.g.*, *Cabanillas v. Select Portfolio Serv'g, Inc.*, Case No. CV 16-1589 CAS (ASx), 2016 WL 1600827 (C.D. Cal. April 20, 2016) (citing cases); *Vergara v. Wells Fargo Bank, N.A.*, Case No. CV 15-00058 JLS (RNBx), 2015 WL 1240421, *2 n.1 (quoting Cal. Civ. Code §§ 2924.12, 2924.19) ("[T]here is no

that "Plaintiff seeks to keep his loan proceeds, continue on in default, and prohibit Wells Fargo from ever foreclosing," this conclusory allegation is insufficient to support Wells Fargo's burden as the removing party to establish the amount in controversy by a preponderance of the evidence. This is especially true where Plaintiff affirmatively states that he "is not seeking to invalidate [the] loan." (NTR at 8.) Because Wells Fargo has not sustained its burden as to the amount in controversy, the Court lacks diversity jurisdiction over this action.

### d. Attorney Fees

Plaintiff requests attorney fees in its Motion to Remand. (MTR at 9–10.) Under section 1447, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court does not find that Wells Fargo's basis for seeking removal was objectively unreasonable. *Accord Lopez v. JPMorgan Chase Bank, N.A.*, Case No. CV 15-02030 JVS (JCGx), 2016 WL 320105, *3 (C.D. Cal. January 25, 2016) ("Despite the Court's decision to remand the case to state court, Chase's reliance on the general rule governing the amount in controversy requirement in ordinary foreclosure actions was not objectively unreasonable. Accordingly, the Court denies Lopez's request for attorney's fees."). Plaintiff's request for fees is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion is **GRANTED**. This action is **REMANDED** to the Superior Court for the State of California, County of Los Angeles for further proceedings. The Clerk shall send a certified copy of this Order to the state court.

Defendant's Motion to Dismiss is **DENIED AS MOOT**. (Dkt. No. 9.) The Scheduling Conference set for August 22, 2016 is **VACATED**. (Dkt. No. 11.)

**IT IS SO ORDERED.**

---

doubt that temporary injunctive relief] is the relief [that the plaintiff] seeks, as the Homeowner Bill of Rights does not authorize permanent injunctive relief, but permits it only until the defendant 'show[s] that the material violation has been corrected and remedied.'")